STATE *vs.* EBENEZER WAY.

BENNINGTON,
*February,*
1834.

On trial of an indictment for adultery, or against a man for having such a connexion with a single woman as would be adultery if she was married, under the twenty-second section of the statute for the punishment of high crimes, it is not sufficient to prove that the man and woman were seen in bed together.

Being so seen in bed is evidence of an offence under the twenty-third section of the statute, and will not warrant a conviction under the twenty-second section.

Indictment for "that Ebenezer Way of Rupert, in the county of Bennington, heretofore, to wit, on the 30th day of August, A. D. 1833, at Rupert aforesaid, he, the said Ebenezer Way, then and there, being a married man, with force and arms did carnally know one Nancy Wilson, an unmarried woman, and with her, the said Nancy Wilson, did then and there commit an act and have a connexion, which would constitute the crime of adultery, provided the said Nancy Wilson had then and there been a married woman."—Plea, not guilty.

On the trial of the issue in this case, the attorney for the state offered to prove the marriage of said Ebenezer to one Esther Perry in Manchester, by Peabody Utley, then a justice of the peace in Bennington county, in 1819 or 1820, by Samuel Lawrence, a person present at said marriage; which was objected to, on the ground that the record of the marriage was necessary, and that parol evidence is inadmissible to prove said marriage; but the court overruled the objection and admitted the witness, who testified that he was present and saw the said Ebenezer and Esther married by the said Peabody Utley, justice as aforesaid.

The attorney for the State also produced one Rodman Nutting, who testified that he saw said Esther on the 3d day of April, 1833, at Lowell, in the state of Massachusetts, and has not seen her since that time, but that her father told the witness, not more than one or two weeks ago, that he saw her in Lowell the week before, and that she was alive and at Lowell aforesaid.

It was also testified on the part of the state, by one Elam Phillips, that in the month of July, A. D. 1833, he had seen the said Ebenezer Way and Nancy Wilson in bed together; that they call themselves man and wife, and live together as such; and that he had seen them in bed together two or three times, and that their clothes were on the floor or a chair by the side of the bed; that they said they were man and wife, and

BENNINGTON,
February,
1834.

State
vs.
Way.

that they lived as such in his house; but that he did not see them commit any act, except as above stated.

The court charged the jury, that if they believed the testimony of Rodman Nutting, and if there was no testimony to contradict it, or show that said Esther had deceased since he saw her, they might infer that the wife of the said respondent was alive at the time the connexion between the respondent and Nancy Wilson was said to have taken place.

The court also charged the jury, that they must be convinced beyond a rational doubt that the respondent had the connexion with Nancy Wilson, as charged in the indictment; but that this fact may be proved by testimony other than positive testimony; and if the jury, from the testimony of Phillips, was convinced, beyond any reasonable doubt, that the respondent had the connexion with Nancy Wilson charged in the indictment, and also believed that the respondent was then the husband of another woman, who was then alive, they might convict the respondent, although no witness has testified that he saw the respondent in the very act of adultery with the said Nancy Wilson.

The jury returned a verdict of guilty. But exceptions being taken by the respondent, and allowed and certified, the cause was ordered to this court for further adjudication.

*Blackmer and Sargeant for the respondent.*—1. The court charged the jury, that if they believed the testimony of Rodman Nutting, they might infer that said Esther, alleged to be the wife of the respondent, was alive at the time the connexion between the respondent and the said Nancy Wilson was stated to have taken place. The law presumes against the commission of crime, although it presumes the continuation of life; therefore it is a case of conflicting presumption, and the cases only show when the presumption of life ceases, where there is no conflicting presumption.—2 Barnwell and Alderson, 386— *The King* vs. *The inhabitants of Twyning in Gloucestershire*. 3 East. Rep. 192—*Williams* vs. *The East India Company*. Arch. Cr. Law, 359.

2. No one ought to be convicted of a felony before it is known to be committed.—1 Chit. Cr. Law, 459—Arch. Cr. Pl. 78—4 Black. Com. 358. Now was there any proof that adultery was committed? No. Then the jury must (under the charge of the court) not only presume that the crime was

committed, but also that defendant committed it; which is founding one presumption on another.

3. It seems the legislature meant to guard against this, and therefore enacted the *blanket act,* so called. This act was undoubtedly made to prevent courts from proving one presumption by another in cases of this kind. And it is believed that no case can be found where the doctrine of accumulative remedies was applied to two statutes, or two parts of one statute.

In some cases a statute gives a new remedy, without taking away the common law remedy; and in such case the jury may find the party guilty under either.

*Mr. Bennet, attorney for the state.*—1. The decision of the court in the admission of the testimony objected to on the part of the said Way, was perfectly correct, agreeably to the rules and principles of law.

2. As to the charge given by the court to the jury on the trial, it was also fully correct as to all the rules and principles of law so given in charge.

2. As to the facts, they were found by the jury upon the testimony submitted to them, who are by law the proper triers and judges of the facts.

The opinion of the court was pronounced by

WILLIAMS, Ch. J.—Two questions have been made in this case, both arising from the charge of the court. On the first question, in relation to the sufficiency of the evidence that the wife of the respondent was alive at the time of the commission of the offence, we rather incline to the opinion, that this evidence was sufficient to throw upon the respondent the burden of proving that she was not alive. This point, however, has not been much considered, as we are of opinion that the charge of the court was wrong as to the inference which the jury might draw from the facts in evidence. The statute for the punishment of crimes and misdemeanors provided for the punishment of adultery; and further, that if a married man committed any act, or had such a connexion with an unmarried woman as would constitute the crime of adultery, provided the woman had a husband, both the man and woman should be punished as in case of adultery; and for this offence the punishment is confinement to hard labor in the state prison. Another section of the statute provides, that if any man with

BENNINGTON,
February,
1834.

State
vs.
Way.

another man's wife, or any woman with another woman's husband, shall be found in bed together under such circumstances as to afford presumption of an illicit intention between them, both persons so found together shall be punished by a fine; and although by a subsequent statute, the punishment is the same in both cases, yet it is evident that two separate and distinct offences were contemplated. The testimony showed clearly an offence under the last mentioned section of the statute; and it would contravene an obvious principle of law and justice to have the same facts and the same testimony constitute and prove an offence punishable only with a fine, and also an offence punishable by imprisonment in the state prison, where one offence is not included in the other. In all prosecutions for crimes, the offence, or *corpus delicti*, must be proved. When it is fully proved, circumstantial or presumptive evidence may fix the crime on the person charged. This is the kind of testimony usually resorted to in the case of theft, murder, and other similar cases. The offence itself, however, must be first proved. In trials for the crime charged upon this respondent, the same evidence which proves the crime usually designates the offender. There might be a case in which the crime could be proved by witnesses, and a resort had to circumstances to point out the person committing it. In the case under consideration, however, there appears to have been nothing but presumptive evidence to prove both the offence as well as the offender. The positive testimony proved the person guilty under the section of the statute before alluded to, as being in bed with an unmarried woman, and nothing more. There was certainly great force in the argument, as to the danger of permitting the jury to draw the inference of the guilt of the respondent. He was presumed guilty of a crime from the opportunity of committing it; and if this were permitted, there would be great danger that the inference might be made in some cases without adequate proof.

The judgment of the county court must therefore be reversed and a new trial awarded.